IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FRANCISCO SANTOS
c/o 519 H Street NW
Washington, DC 20001

    Plaintiff,

v.

AUGUSTUS, LLC
d/b/a PARAGON THAI
3507 Connecticut Avenue NW
Washington, DC 20008

KWANSUDA T. POOLSOMBAT
5 Duvall Lane
Gaithersburg, MD 20877

ARAYA SREEARAYANPONG
5 Duvall Lane
Gaithersburg, MD 20877

    Defendants.

Civil Action No. _____

# COMPLAINT

1. While Plaintiff worked at Defendants' Thai restaurant, Defendants paid Plaintiff a semi-monthly salary that denied him the minimum wage.

2. Plaintiff brings this action against Augustus, LLC; Kwansuda T. Poolsombat and Araya Sreearayanpong ("Defendants") to recover damages for Defendants' willful failure to pay the minimum wage, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*; and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*

**Jurisdiction and Venue**

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Jurisdiction is also proper pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) because the matter in controversy exceeds $75,000.00 and the Plaintiff is domiciled in a different state from that of the Defendants.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b), because all the events or omissions giving rise to Plaintiff's claims occurred in this district.

**Parties**

6. Plaintiff Francisco Santos is an adult resident of the District of Columbia.

7. Defendant Augustus, LLC is a Maryland limited liability company. All of its members are residents of Maryland. It does business as Paragon Thai. It operates the restaurant Paragon Thai, located at 3507 Connecticut Avenue NW, Washington, DC 20008. Its registered agent for service of process is Araya Sreearayanpong, 5 Duvall Lane, Gaithersburg, MD 20877.

8. Defendant Kwansuda T. Poolsombat is an adult resident of Maryland. She resides at 5 Duvall Lane, Gaithersburg, MD 20877. She is an owner and officer of Defendant Augustus, LLC.

9. Defendant Kwansuda T. Poolsombat exercises control over the operations of Augustus, LLC — including its pay practices.

10. Defendant Araya Sreearayanpong is an adult resident of Maryland. She resides at 5 Duvall Lane, Gaithersburg, MD 20877. She is an owner and officer of Defendant Augustus, LLC.

11. Defendant Araya Sreearayanpong exercises control over the operations of Augustus, LLC — including its pay practices.

**Factual Allegations**

12. Defendants own and operate the restaurant Paragon Thai, located at 3507 Connecticut Avenue NW, Washington, DC 20008.

13. Plaintiff has worked at the Thai restaurant located at 3507 Connecticut Avenue NW since 2001. When Defendants rebranded the restaurant as Paragon Thai in approximately January 2013, Plaintiff continued to work at the restaurant.

14. From approximately January 2013 until August 30, 2021, Plaintiff worked for Defendants at Paragon Thai.

15. Plaintiff worked at Paragon Thai as a kitchen laborer.

16. Plaintiff's job duties at Paragon Thai primarily consisted of preparing food, cooking rice, handling deliveries, organizing supplies, and cleaning.

17. Plaintiff typically and customarily worked two days per week.

18. Plaintiff typically and customarily worked Mondays and Sundays.

19. Plaintiff typically and customarily started work at 10:00 a.m.

20. Plaintiff typically and customarily ended work at 10:15 p.m.

21. Plaintiff typically and customarily worked approximately twenty-four and a half hours per week.

22. At all relevant times, Defendants paid Plaintiff a semimonthly salary.

23. Defendants paid Plaintiff approximately the following semimonthly salaries:

| Approximate Dates | Semimonthly Salary |
| --- | --- |
| Sep. 01, 2018–Dec. 31, 2018 | $360.00 |
| Jan. 01, 2019–Aug. 30, 2021 | $380.00 |

24. At all relevant times, Defendants paid Plaintiff by check.

25. From approximately September 1, 2018 through December 31, 2018, Defendants paid Plaintiff an effective hourly rate of $6.78.

26. From approximately January 1, 2019 through August 30, 2021, Defendants paid Plaintiff an effective hourly rate of $7.16.

27. Defendants did not pay Plaintiff the D.C. minimum wage.

28. The District of Columbia required that employers pay non-exempt employees at least $13.25 per hour from July 1, 2018 through June 30, 2019, $14.00 per hour from July 1, 2019 through June 30, 2020, $15.00 from July 1, 2020 through June 30, 2021, and $15.20 from July 1, 2021 through the present. D.C. Code § 32-1003(a).

29. Defendants did not pay Plaintiff the federal minimum wage.

30. At all relevant times, the United States required that employers covered by the FLSA, pay non-exempt employees at least $7.25 per hour. 29 U.S.C. § 206(a)(1).

31. For Plaintiff's work in the three years preceding the filing of this Complaint, Defendants owe Plaintiff approximately $27,247.80 in minimum wages (excluding liquidated damages).

32. Defendant Kwansuda T. Poolsombat participated in the decision to hire employees on behalf of Augustus, LLC.

33. Defendant Kwansuda T. Poolsombat participated in the decision to fire employees on behalf of Augustus, LLC.

34. Defendant Kwansuda T. Poolsombat participated in the decision to hire Plaintiff.

35. Defendant Kwansuda T. Poolsombat participated in the decision to set Plaintiff's work schedule.

36. Defendant Kwansuda T. Poolsombat participated in the decision to pay Plaintiff a semi-monthly salary.

37. Defendant Kwansuda T. Poolsombat participated in the decision to pay Plaintiff by check.

38. Defendant Kwansuda T. Poolsombat supervised Plaintiff's work.

39. Defendant Kwansuda T. Poolsombat participated in the decision to raise Plaintiff's semi-monthly salary from $360.00 to $380.00

40. Defendant Kwansuda T. Poolsombat had the authority to sign checks on behalf of Augustus, LLC.

41. Defendant Kwansuda T. Poolsombat has signed checks on behalf of Augustus, LLC.

42. Defendant Araya Sreearayanpong participated in the decision to hire employees on behalf of Augustus, LLC.

43. Defendant Araya Sreearayanpong participated in the decision to fire employees on behalf of Augustus, LLC.

44. Defendant Araya Sreearayanpong participated in the decision to hire Plaintiff.

45. Defendant Araya Sreearayanpong participated in the decision to set Plaintiff's work schedule.

46. Defendant Araya Sreearayanpong participated in the decision to pay Plaintiff a semi-monthly salary.

47. Defendant Araya Sreearayanpong participated in the decision to pay Plaintiff by check.

48. Defendant Araya Sreearayanpong participated in the decision to raise Plaintiff's semi-monthly salary from $360.00 to $380.00.

49. Defendant Araya Sreearayanpong supervised Plaintiff's work.

50. Defendant Araya Sreearayanpong had the authority to sign checks on behalf of Augustus, LLC.

51. Defendant Araya Sreearayanpong has signed checks on behalf of Augustus, LLC.

52. In 2016, Defendant Araya Sreearayanpong was sued for unpaid wages under the FLSA, the DCMWA, and the DCWPCL. *See Hernandez v. Augustus, LLC et al.*, Civil Action No. 16-cv-238-TSC.

53. At all relevant times, Defendants had the power to hire and fire Plaintiff.

54. At all relevant times, Defendants had the power to control Plaintiff's work schedule.

55. At all relevant times, Defendants had the power to supervise and control Plaintiff's work.

56. At all relevant times, Defendants had the power to set Plaintiff's rate and manner of pay.

57. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff the federal minimum wage.

58. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff the applicable D.C. minimum wage.

59. At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiff all wages legally due to him.

60. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

61. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

62. At all relevant times, Defendants had employees who handled food products, such as chicken, beef, pork, fish, or vegetables, that had been raised or grown outside of the District of Columbia.

## COUNT I
### FAILURE TO PAY MINIMUM WAGES UNDER THE FLSA

63. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

64. Each defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

65. The FLSA requires that employers pay non-exempt employees at least $7.25 per hour. 29 U.S.C. § 206(a)(1).

66. The FLSA permits states to set a minimum wage higher than that provided for by the FLSA. 29 U.S.C. § 218.

67. Defendants violated the FLSA by knowingly failing to pay Plaintiff the required minimum wage.

68. Defendants' violations of the FLSA were willful.

69. For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid minimum wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY MINIMUM WAGES UNDER THE DCMWA

70. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

71. Each defendant was an "employer" of Plaintiff within the meaning of the DCMWA. D.C. Code § 32-1002(3).

72. The DCMWA required that employers pay non-exempt employees at least $13.25 per hour from July 1, 2018 through June 30, 2019, $14.00 per hour from July 1, 2019 through June 30, 2020, $15.00 from July 1, 2020 through June 30, 2021, and $15.20 from July 1, 2021 through the present. D.C. Code § 32-1003(a).

73. Defendants violated the DCMWA by knowingly failing to pay the required minimum wage to Plaintiff.

74. Defendants' violations of the DCMWA were willful.

75. For Defendants' violations of the DCMWA, Defendants are liable to Plaintiff for unpaid minimum wages, an amount equal to three times the unpaid minimum wages as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE DCWPCL

76. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

77. Each defendant was an "employer" of Plaintiff within the meaning of the DCWPCL. D.C. Code § 32-1301(1B).

78. The DCWPCL requires employers to pay an employee who is discharged no later than the working day following the discharge. D.C. Code § 32-1303(1).

79. The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

80. For purposes of the DCWPCL, "wages" include, among other things, regular, minimum, and overtime wages. D.C Code § 32-1301(3).

81. Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiff all wages due, including minimum wages.

82. Defendants' violations of the DCWPCL were willful.

83. For Defendants' violations of the DCWPCL, Defendants are liable to Plaintiff for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court. *See Sivaraman v. Guizzetti & Assocs.*, 228 A.3d 1066, 1072 (D.C. 2020) ("[T]reble damages are mandatory, not discretionary, if requested."); *Martinez v. Asian 328, LLC*, 220 F. Supp. 3d 117, 123 (D.D.C. 2016) ("[T]he liquidated-damages provision of the DCWPCL awards treble damages as liquidated damages *in addition to* the actual damages in the form of unpaid wages.").

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$113,309.20,** and grant the following relief:

    a.    Award Plaintiff $108,991.20, consisting of the following overlapping elements:

        i.    unpaid federal minimum wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

        ii.    unpaid D.C. minimum wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

        iii.    unpaid wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

    b.    Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

    c.    Award Plaintiff attorney's fees and expenses computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated

to account for the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $3,916.00)

d. Award Plaintiff court costs (currently, $402.00); and

e. Award any additional relief the Court deems just.

September 22, 2021                              Respectfully submitted,

**DCWageLaw**

By: /s/ Justin Zelikovitz
JUSTIN ZELIKOVITZ, #986001
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiff*